The Paterson, Newark and New York Railroad Company, and The New York, Lake Erie and Western Railroad Company, appellants,

*v.*

Charles Kamlah, respondent.

On appeal from a decree advised by W. B. Williams, one of the advisory masters, as follows:

The final decree heretofore made in this cause, dated on the 11th day of October, A. D. 1888, having been opened on the application of the complainants to admit newly-discovered evidence, by order dated on the 1st day of August, A. D. 1889, and this cause coming on for hearing, in the presence of Cortlandt Parker, of counsel with complainants, and Charles L. Corbin, of counsel with defendant, and witnesses having been called and exhibits offered and counsel heard, and the court having considered the case, and being of the opinion and finding that no cause for further relief to complainants has been shown by the further evidence taken, and that the complainants are entitled to an injunction to stay the defendant's suit at law, being a part of the relief prayed for, on terms of compensation to the defendant as hereinafter set forth, and that the other relief prayed for in the bill should be denied:

It is, on this 23d day of January, A. D. 1890, ordered, adjudged and decreed, and the chancellor doth order, adjudge and decree, that the defendant is seized in fee simple of the land described in the summons and declaration in ejectment referred to in the

bill; that the Paterson and Newark Railroad Company took possession of the same on or about the 1st day of August, A. D. 1866, and constructed a railroad thereupon, which has been, and still is, operated over said land; that at the time of the commencement of this suit no ownership or easement had been acquired by complainants or said Paterson and Newark Railroad Company; that the franchises and property of said company came into the ownership of the complainants, the Paterson, Newark and New York Railroad Company, and were leased by them to the complainants, the New York, Lake Erie and Western Railroad Company, by whom said railroad was operated at the time of the commencement of this suit; that no compensation was made to the defendant for said land so taken; that the value of the land so taken was, on the 1st day of August, A. D. 1866, the sum of $469.87, and the damage to the adjoining land of the defendant not taken, resulting from the taking for the purpose of the construction and operation of said railroad, was $500, and also the cost of fencing along the line of said railroad, which was $364; that the defendant is entitled to be paid said sums which are hereby adjudged to be due to him by the complainants, with interest thereon at seven per cent. to the 4th day of July, A. D. 1878, and at six per cent. thereafter, making in all, on the 11th day of October, A. D. 1888, the date of the former final decree herein, the sum of $3,271.08, and that the defendant is also entitled to be paid interest on said last-named sum from October 11th, A. D. 1888, to date of payment, and his taxed costs of said suit in ejectment and of this suit, and that the said payments shall be made at the office of the defendant's solicitors, in Jersey City, within twenty days after service upon the complainants' solicitor of a certified copy of this decree and of copies of the taxed bills of costs; and in case the defendant shall fail or refuse to receive said payment, then the same shall, within the same time, be paid to the clerk of the court of chancery, and upon the making of such payments, with interest on the said sum of $3,271.08 from October 11th, A. D. 1888, to the date hereof, the defendant shall convey the said lands to the complainants, the Paterson, Newark and New York Railroad Company, for the purposes of

Hinkle v. Camden Safe Deposit and Trust Co.

its charter ; and in default of such conveyance, this decree shall, upon such payment into court, operate as such conveyance, and the defendant shall be thereupon perpetually enjoined from prosecuting said suit of ejectment, and that the other relief prayed by way of specific performance of an alleged contract to convey said lands without compensation be denied, and that the complainants are not entitled to any further relief in this cause.

And it is further ordered, adjudged and decreed, that, in default of such payment, the injunction heretofore granted may be dissolved and the complainants' bill may be dismissed, with costs, and leave is hereby reserved to the defendant to apply for such dismissal in case of such default, or to apply for execution against the complainants for the payment of said sums of money and for such other and further relief as may be equitable.

*Mr. Cortlandt Parker*, for the appellants.

*Mr. Gilbert Collins*, for the respondent.

PER CURIAM.

This decree is affirmed as made by the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER—12.

*For reversal*—None.